WHOLESALE SAND & GRAVEL, INC.

v.

James DECKER.

Supreme Judicial Court of Maine.

Submitted on Briefs June 17, 1993.

Decided Sept. 3, 1993.

Francis M. Jackson, Jackson & Silverstein, Portland, for plaintiff.

David A. King, Therriault & King, Bath, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

ROBERTS, Justice.

Wholesale Sand & Gravel, Inc., appeals from a judgment entered in the Superior Court (Sagadahoc County, *Lipez, J.*) in favor of James Decker on its claim for the breach of their contract. On appeal, Wholesale contends that the court erred in holding that its conduct constituted an anticipatory repudiation of the contract and in deciding the case on a defense that had not been raised in the pleadings. Finding no error, we affirm the judgment.

On June 13, 1989, James Decker and Wholesale Sand & Gravel, Inc., entered into a contract whereby Wholesale agreed to perform earth work, including the installation of a gravel driveway, on Decker's property in Bowdoin. The contract contained no provision specifying a completion date for the work. Indeed, the only time reference made in the contract was that payment was to be made within 90 days. Although Carl Goodenow, Wholesale's president, believed the company had 90 days within which to complete the work, he told Decker that the driveway portion of

the work would be completed within one week.

Wholesale began work on the driveway on the weekend after the contract was executed and immediately experienced difficulty because of the wetness of the ground. In fact, Wholesale's bulldozer became stuck in the mud and had to be removed with a backhoe. Wholesale returned to the site the following weekend, when it attempted to stabilize the driveway site by hauling out mud and hauling in gravel. Because the ground was too wet to allow Wholesale to perform the work without substantially exceeding the contract price, Goodenow decided to wait for the ground to dry out before proceeding further.

On July 12, 1989, Decker contacted Goodenow concerning the lack of activity at the site and his urgent need to have the driveway completed. Goodenow responded that he would "get right on it." On July 19, Decker telephoned Goodenow to inquire again about the lack of activity and gave him one week in which to finish the driveway. Again, Goodenow said that he would "get right on it." On July 28, Decker called Goodenow for the purpose of terminating the contract. When Goodenow stated that he would be at the site the next day, Decker decided to give him one more chance. Goodenow, however, did not appear at the site and Decker subsequently terminated the contract. At that point, Goodenow believed Wholesale still had 45 days to complete the job. Decker, however, hired another contractor to finish the driveway and complete the excavation work.

Wholesale commenced this action against Decker by a complaint seeking damages for a breach of their contract. After a jury-waived trial, the court entered a judgment in favor of Decker. Although it found that a reasonable time for the completion of performance was 60 days, the court concluded that Wholesale's conduct constituted an anticipatory repudiation of the contract, permitting Decker to terminate the contract during the 60–day period. This timely appeal followed.

An anticipatory repudiation of a contract is "a definite and unequivocal manifestation of intention on the part of the repudiator that he will not render the promised performance when the time fixed for it in the contract arrives." 4 Corbin, *Corbin on Contracts* § 973 (1951); *Restatement (Second) of Contracts* § 250 (1979). The manifestation of an intention to repudiate a contract may be made and communicated by either words or conduct. *See* 4 Corbin § 973; *Restatement* § 250(b). The words or conduct evidencing such refusal or inability to perform, however, must be definite, unequivocal, and absolute. *See Martell Bros., Inc. v. Donbury, Inc.*, 577 A.2d 334, 337 n. 1 (Me.1990). Wholesale contends that the court erred in concluding that its conduct constituted an anticipatory repudiation of the contract. We disagree. After its second weekend of work at the site, Wholesale removed its equipment and did not return. Moreover, on two occasions Goodenow, responding to Decker's inquiries about the progress of the job, promised to get right to work but did not do so. Indeed, when confronted by the fact that Wholesale would be fired if he did not appear at the job site the following day, Goodenow promised that he would be at the site but did not appear. On this record it was reasonable for Decker to conclude that Wholesale would never complete its performance under the contract. We conclude therefore that the court properly found that Wholesale, through its conduct, manifested an unequivocal and definite inability or unwillingness to perform within a reasonable time.

Wholesale further contends that the court erroneously decided the case on the basis of anticipatory repudiation, a defense that had not been raised in the pleadings. Anticipatory repudiation is not, however, an affirmative defense that is required to be specifically pleaded. *See* M.R.Civ.P. 8(c). In his answer, Decker set forth Wholesale's alleged breach of the contract as a defense. Because Rule 8(b) requires only that a party "state in short and plain terms the party's defenses to each claim asserted," it was not necessary for Decker to state specifically whether the claimed

breach of contract was a breach in the classic sense or an anticipatory repudiation. Because the evidence produced at trial supports the court's finding that Wholesale's conduct constituted an anticipatory breach of the contract, it did not err in deciding the case on that basis.

The entry is:

Judgment affirmed.

GLASSMAN, COLLINS, RUDMAN and DANA, JJ., concur.

WATHEN, Chief Justice, with whom CLIFFORD, J., joins, dissenting.

I must respectfully dissent. In my judgment both this Court and the Superior Court misapply the doctrine of anticipatory repudiation. The record is devoid of any words or conduct on the part of plaintiff that distinctly, unequivocally, and absolutely evidence a refusal or inability to perform. *See Martell Bros., Inc. v. Donbury, Inc.*, 577 A.2d 334, 337 n. 1 (Me.1990). There was a disagreement between the parties as to how much time was allowed for performance, but it is clear that plaintiff expected to perform the contract as soon as circumstances permitted. The Superior Court found a repudiation of the contract even though the 60 days it found available for performance had not passed.

I would vacate the judgment.